IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FAIRMOUNT MINERALS, LTD.,

                                         OPINION AND ORDER

                Plaintiff,

                                         14-cv-400-bbc

     v.

MINERAL SERVICE PLUS, LLC and
RAILROAD SPECIALTIES, INC.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Fairmount Minerals, Ltd. brought this action pursuant to 9 U.S.C. § 10 of the Federal Arbitration Act to vacate an arbitration award that was entered against it and in favor of defendants Mineral Service Plus, LLC and Railroad Specialties, Inc. The following matters are before the court: 1) plaintiff's application to vacate the arbitration award, dkt. #1; 2) defendants' motions to dismiss plaintiff's application as untimely, dkt. ##10 and 16; and 3) defendants' motions to confirm the arbitration award, dkt. ##10 and 15.

       Plaintiff contends that defendants fraudulently induced it to enter into the arbitration agreement by entering into a secret side agreement that defendants made with each other concerning future arbitration proceedings with plaintiff and concealing the existence of the side agreement. Dkt. #2, at 13-20. Plaintiff also contends that the arbitrator exceeded his

1

authority in awarding attorney fees and ignoring an integration clause in the arbitration agreement. Id. at 20-22.

Defendants contend that the arbitration award must be confirmed under 9 U.S.C. § 9 because plaintiff failed to challenge it within the three-month deadline set forth in § 12. Plaintiff argues that its application is timely under the doctrines of equitable tolling and equitable estoppel and because it stated a state law claim for fraudulent inducement that is governed by the six-year statute of limitations period for contract claims. Dkt. #22. In the alternative, plaintiff asks for leave to file an amended complaint (despite having begun this suit by application and not by complaint) to add a state law claim for fraudulent inducement and rescission. Id. at 10 n.8.

Although defendants have styled their motions as motions to dismiss, the Court of Appeals for the Seventh Circuit has held that § 6 of the Federal Arbitration Act "removes actions to confirm or vacate arbitration awards from the realm of civil cases governed by the Federal Rules of Civil Procedure." Webster v. A.T. Kearney, Inc., 507 F.3d 568, 570 (7th Cir. 2007) (citing Health Services Management Corp. v. Hughes, 975 F.2d 1253, 1257-58 (7th Cir. 1992)). See also 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided."). Therefore, even though Federal Rule of Civil Procedure 12(d) requires the court to convert a motion to dismiss into a motion for summary judgment when a party asks the court to consider matters outside the pleadings, Massey v.

2

Helman, 259 F.3d 641, 646 n.8 (7th Cir. 2001), I have considered plaintiff's application and all of the evidence submitted by the parties.

I find that plaintiff did not bring a timely challenge to the arbitration award and will grant defendants' motion to dismiss the application to vacate the award. I am reserving ruling on defendants' motions to confirm the award and plaintiff's request to add a state law claim until the parties provide further information.

BACKGROUND FACTS

Plaintiff Fairmount Minerals operates an underground sand mine in Maiden Rock, Wisconsin. On October 14, 2011, plaintiff entered a contract with defendant Railroad Specialties for "Spur Track Extension, Box Culvert Extension, Culvert, Extension, Retaining Wall Construction" to upgrade the rail service to plaintiff's Maiden Rock facility. Dkt. #4, exh. 1 at 1. Plaintiff and defendant Railroad Specialties agreed to a lump sum payment of $2.8 million for the completion of the entire project. Dkt. #4 at ¶ 5. Defendant Mineral Service Plus was defendant Railroad Specialties' drilling subcontractor; it agreed to bore holes for the construction of the retaining wall for a fixed sum of $365,182. Id. at ¶ 10. The underlying dispute arose when defendant Mineral Service Plus claimed it was entitled to additional compensation because the subsurface materials at the project site were a harder type of rock than it had anticipated from the information that plaintiff had provided. Dkt. #2 at 3; dkt. #4, exh. 1 at 1.

3

Unbeknownst to plaintiff, defendants entered into a settlement agreement and release of claims on October 4, 2012, agreeing in part that it was their "intention" to "pursue claims against [plaintiff] for costs associated with differing site conditions and costs and expenses related to said site conditions." Dkt. #4 at ¶ 4 and exh. 4, p. 2. On October 29, 2012, the parties executed an agreement to arbitrate Mineral Service Plus's claims. Dkt. #4, exh. 1 at 1. The parties participated in an arbitration before John Harens, a lawyer. Dkt. #4 at ¶ 2. During discovery and the arbitration proceedings, plaintiff's counsel asked several defense witnesses whether defendants had any agreement to "align themselves" against plaintiff. Although defense counsel and defendants' representatives admitted during the deposition of a defense witness that defendants had entered an agreement to resolve certain claims, they denied having a side deal related to the arbitration itself. During discovery, plaintiff requested all documents and communications between the defendants that either referred or to the project or the subcontract or related to them. Plaintiff did not ask defendants specifically to produce the agreement that defendants referred to at the deposition.

The arbitrator issued an initial decision on December 31, 2013, and revised the award in a decision dated January 20, 2014. Id. at ¶ 3. He did not issue the final decision to the parties until February 3, 2014. Id.; dkt. #13, exh. 4. Because the parties entered settlement negotiations, defendants agreed to toll the statutory limitations period for challenging the award for 30 days. Dkt. #13, exh. 1 (May 5, 2014 email from counsel for Mineral Services); dkt. #18, exh. 1 (April 28, 2014 email from counsel for Railroad Specialties). On May 5,

4

2014, Mineral Service Plus's counsel provided plaintiff's counsel with a copy of defendants' side agreement. Dkt. #4 at ¶ 4 and exh. 4, p. 2.

On June 2, 2014, plaintiff filed the present action in this court to vacate the arbitration award pursuant to 9 U.S.C. § 9. Dkt. #1. It served the application on defendants on June 11, 2014. Dkt. ##8-9 and 22 at 5. (Although defendant Railroad Specialties claims that this service was not proper and that it was not properly served until June 24, 2014, it agrees that the issue is not dispositive and does not need to be addressed. Dkt. #16-17.)

OPINION

A.  Motion to Vacate

Under § 12 of the Federal Arbitration Act, notice of a motion to vacate, modify or correct an award must "be served upon the adverse party or his attorney within three months after the award is filed or delivered."  Plaintiff does not deny that it served defendants notice of its motion to vacate more than three months after the arbitration award was filed or delivered.  However, it argues that the action is timely under the doctrines of equitable tolling and equitable estoppel and that its first claim, that it is entitled to rescind the fraudulently induced arbitration agreement, is governed by the six-year limitations period for state contract law claims.

5

1. Equitable tolling

Plaintiff argues that its application to vacate is timely under the doctrine of equitable tolling because the statute of limitations should not have begun to run until May 5, 2014, when Mineral Service Plus produced a copy of its side agreement with Railroad Specialties. A court may equitably toll the statute of limitations where (1) the party has diligently pursued his or her rights and (2) some extraordinary circumstance stood in the way and prevented timely filing. McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013).

Plaintiff points out that the United States Supreme Court has held generally that the equitable tolling doctrine is "read into every federal statute of limitation." Holmberg v. Armbrecht, 327 U.S. 392, 397 (1946). However, "[i]t is questionable whether equitable tolling can be used as an exception to the time requirements for filing a motion to vacate, modify or correct under the Federal Arbitration Act." 2 Martin Domke, Gabriel Wilner and Larry E. Edmonson, Domke on Commercial Arbitration § 38:6 (listing cases). The slight majority of courts addressing this issue, including the Court of Appeals for the Second Circuit, have found that equitable tolling does not apply. Florasynth, Inc. v. Pickholz, 750 F.2d 171, 175 (2d Cir. 1984) (finding no common law exception to three-month limitation period for motions to vacate); Pennsylvania Engineering Corp. v. Islip Resource Recovery Agency, 714 F. Supp. 634, 638 (E.D. N.Y. 1989) (no equitable tolling); Triomphe Partners, Inc. v. Realogy Corp., 2011 WL 3586161, at *3 (S.D.N.Y. Aug. 15, 2011) (noting absence of exception to three-month limitations period); Chilcott Entertainment L.L.C. v. John G.

6

Kinnard Co., Inc., 10 P.3d 723 (Colo. App. 2000) (no equitable tolling).  But see Sargent v. Paine Webber, Jackson & Curtis, Inc., 687 F. Supp. 7, 9 (D.D.C. 1988) (equitable tolling applies because Supreme Court has held that doctrine read into every federal statute of limitations); Bauer v. Carty & Co., 2005 WL 948641, at *4 (W.D. Tenn. Mar. 9, 2005) aff'd, 246 Fed. Appx. 375 (6th Cir. 2007) (allowing equitable tolling because "it would be inequitable to allow a defendant to escape review of an arbitration award if it successfully concealed its wrongdoing for three months").  See also Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir. 1986) (questioning applicability of tolling to § 12); Piccolo v. Dain, Kalman & Quail, Inc., 641 F.2d 598, 601 (8th Cir. 1981) (noting equitable tolling is questionable but finding no due diligence on facts of case).  The Court of Appeals for the Seventh Circuit has not ruled expressly on this issue, but it has noted that "[t]he plain language of § 12 does not provide for any exceptions to the three-month window and says nothing about tolling." Olson v. Wexford Clearing Services Corp., 397 F.3d 488, 490 (7th Cir. 2005).  In light of this statement by the court of appeals and the greater number of cases to the same effect, I am not persuaded that equitable tolling is a viable exception to the Federal Arbitration Act's limitations period in this circuit.

      Even if equitable tolling applied, the facts of this case would not warrant such tolling in this case.  Equitable tolling is to be "used sparingly, reserved for those situations in which extraordinary circumstances prevent a party from filing on time." Wilson v. Battles, 302 F.3d 745, 749 (7th Cir. 2002).  "In most cases in which equitable tolling is invoked, the

7

statute of limitations has run *before* the plaintiff obtained information essential to deciding whether he had a claim." Cada v. Baxter Healthcare Corp., 920 F.2d 446, 453 (7th Cir. 1990) (emphasis in original). In this case, plaintiff was aware of the grounds for its motion to vacate, including the alleged fraud, within the time ordinarily allowed for the motion. Id. at 452 (equitable tolling "gives the plaintiff extra time if he needs it. If he doesn't need it there is no basis for depriving the defendant of the protection of the statute of limitations."); Chapple v. National Starch & Chemical Co. & Oil, 178 F.3d 501, 506 (7th Cir. 1999) ("As this court has emphasized, the tolling inquiry asks only whether the plaintiff was unable to learn of the possibility of its claim within the limitations period; it does not ask whether the plaintiff was unable to obtain solid proof."). Because the arbitrator issued his decision to the parties on February 5, 2014, plaintiff had until May 5, 2014 to challenge the award. The parties agree that defendants extended plaintiff's deadline by an additional 30 days, or until June 4, 2014. Plaintiff's counsel questioned defendants about the existence of a side agreement during the arbitration proceedings in 2013 and actually received the document on May 5, 2014, a month before the statute of limitations period ran. Plaintiff was able to file its application in this court on June 2, 2014 and has not explained how defendants' alleged fraud prevented it from not serving it on defendants in a timely fashion. Aungst v. Westinghouse Electric Corp., 937 F.2d 1216, 1225 (7th Cir. 1991), overruled in part on other grounds, Oxman v. WLS-TV, 12 F.3d 652, 657 (7th Cir. 1993) ("Equitable tolling principles are based on the discovery rule, so that 'the filing deadline . . . is tolled until the

8

time when facts that would support [the claim] were apparent or should have been apparent.'").  See also Pfannenstiel v. Merrill Lynch, Pierce, Fenner & Smith, 477 F.3d 1155, 1158 (10th Cir. 2007) (not allowing equitable tolling where plaintiff had one month to timely file motion to vacate after learning of new evidence but did not file motion within that time period).

2.  Equitable estoppel

Under the doctrine of equitable estoppel, "a defendant who conceals vital information about the existence of a plaintiff's claim or makes representations to the plaintiff causing it to delay bringing the claim, can be estopped from relying on the statute of limitations as a defense." Chapple, 173 F.3d at 506.  Equitable estoppel "comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statute of limitations." Cada, 920 F.2d at 450-51.  The doctrine "focuses on whether the defendant acted *affirmatively* to stop or delay the plaintiff from bringing suit within the limitations period." Smith v. City of Chicago Heights, 951 F.2d 834, 841 (7th Cir. 1992) (emphasis in original).  As discussed above, plaintiff has not shown that defendants prevented it from serving the application in a timely manner.  It is clear from the evidence before the court that plaintiff did not rely on defendants' alleged misrepresentations about the side agreement to its detriment because it was able to file the application to vacate the award within the limitations period.  Mull v. ARCO Durethene

9

Plastics, Inc., 784 F.2d 284, 292 (7th Cir. 1986) (equitable estoppel premised in part on plaintiff's actual and reasonable reliance on defendant's conduct or representations).

3. State law claim

Plaintiff contends that its challenge to the validity of the arbitration agreement itself is not subject to the three-month limitation period in § 12 because it is a "pure contract claim" under Wisconsin law that is subject to a six-year statute of limitations. Dkt. #22 at 7-8. It also points out that the question of whether the parties agreed to arbitrate is decided by the court and not the arbitrator. Plaintiff is correct up to a point. Section 2 of the Federal Arbitration Act provides that "an agreement in writing to submit to arbitration . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." As a general rule, a court will have the last say whether a contract creates a valid duty to arbitrate. FIA Card Services, N.A. v. Klinzing, 2008 WL 4103880, at *4 (W.D. Wis. Aug. 29, 2008) (citing S+L+H S.p.A. v. Miller-St. Nazianz, Inc., 988 F.2d 1518, 1523 (7th Cir. 1993)). Further, § 12 states only that it applies to "motions to vacate, modify, or correct an arbitration award" and makes no reference to challenges to the validity of the arbitration agreement. Id.

However, as defendant Railroad Specialties points out, plaintiff brought its claim solely in the context of a motion to vacate the arbitration award under § 10 of the Act. Such a motion is subject to the three-month limitations period. Although plaintiff contends that

10

it "properly pled a claim for fraudulent inducement and rescission" and asks permission to file an *amended* complaint, it has not filed a pleading resembling a complaint. Its "allegations" of fraudulent inducement consist of arguments contained in a brief supporting its application to vacate the arbitration award under § 10. Dkt. #2. As a result, I am reluctant to allow plaintiff to convert its application into an "amended complaint" that adds a state law claim when the parties have not briefed the question whether the law permits plaintiff to bring both an application to vacate an arbitration award and a state contract claim, and if it does, whether plaintiff can amend its petition to bring a stand alone state contract claim without filing a separate lawsuit.

Although I could dismiss this lawsuit and permit plaintiff to refile its state law claim as a separate action, defendants have filed a motion to confirm the arbitration award to which plaintiff apparently seeks to raise arbitrability as a defense. As plaintiff notes, this court has stated previously in dicta that "as a general rule, a defendant challenging arbitrability can raise the issue even when the award is before the court for confirmation." FIA, 2008 WL 4103880 at *4 (citing MCI Telecommunications Corp. v. Exalon Industries, Inc., 138 F.3d 426, 430 (1st Cir. 1998) for the proposition that it is unnecessary to bring a collateral challenge to raise the issue of arbitrability because the Federal Arbitration Act does not come into play unless there is a written agreement to arbitrate).

Because plaintiff raised most of these issues for the first time in response to defendants' motions to dismiss and none of the parties have had an adequate opportunity

11

to consider how the issues relate, I am setting a supplemental briefing schedule. Plaintiff shall have until December 1, 2014 to explain the following: (1) whether plaintiff is permitted to bring a state contract claim challenging the validity of an arbitration agreement in the same lawsuit as an application to vacate an arbitration award; (2) whether plaintiff may amend its untimely-filed application at this time to add a state claim; (3) whether the state claim would be timely; (4) whether this court would have jurisdiction over a stand alone state law claim; and (5) whether and how plaintiff can raise arbitrability as a defense to defendants' motion to confirm. Defendants will have until December 15, 2014 to respond.

ORDER

IT IS ORDERED that

1. Plaintiff Fairmount Minerals, Ltd.'s application to vacate the arbitration award, dkt. #1, is DENIED as untimely.

2. The motions filed by defendants Railroad Specialties, Inc. and Mineral Service Plus, LLC to dismiss the application, dkt. ##10 and 16, are GRANTED.

3. A ruling on the motions to confirm the arbitration award filed by defendants, dkt. ##10 and 15, is RESERVED pending supplemental briefing by the parties.

4. Plaintiff shall have until December 1, 2014 to file a supplemental brief addressing the issues as instructed in this opinion. Defendants shall have until December 15, 2014 to respond.

Entered this 13th day of November, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

13