IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FAIRMOUNT MINERALS, LTD.,

                    Plaintiff,

    v.

MINERAL SERVICE PLUS, LLC and
RAILROAD SPECIALTIES, INC.,

                    Defendants.

OPINION AND ORDER

14-cv-400-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Fairmount Minerals, Ltd. brought this action pursuant to 9 U.S.C. § 10 of the Federal Arbitration Act to vacate an arbitration award that was entered against it and in favor of defendants Mineral Service Plus, LLC and Railroad Specialties, Inc. Specifically, plaintiff alleges that defendants entered into a secret side agreement with each other concerning future arbitration proceedings with plaintiff and concealed the existence of the side agreement. Dkt. ##1-2. Although plaintiff argued in its brief that defendants' actions constituted fraudulent inducement under Wisconsin law, dkt. #2, at 13-14, it did not file a complaint raising a separate state law claim. Both defendants filed a motion to dismiss plaintiff's application as untimely, together with a motion to confirm the arbitration award. Dkt. ##10, 15 and 16. In its response to defendants' motions, plaintiff sought leave to plead a state law claim for fraudulent inducement.

1

In an order entered on November 13, 2014, I granted defendants' motions to dismiss the action as untimely but reserved ruling on their motions to confirm the arbitration award and plaintiff's request to add a state law claim until the parties provided further information. Dkt. #28. Specifically, I asked the parties to explain (1) whether plaintiff was permitted to bring a state contract claim challenging the validity of an arbitration agreement in the same lawsuit as an application to vacate an arbitration award; (2) whether plaintiff may amend its untimely filed application to add a state claim; (3) whether the state claim would be timely; (4) whether this court would have jurisdiction over a stand alone state law claim; and (5) whether and how plaintiff can raise arbitrability as a defense to defendants' motion to confirm. *Id.* at 12.

Having reviewed the parties' responses to these questions, I conclude that plaintiff may not challenge the validity of the arbitration agreement in defense to defendants' motions to confirm the award because the 90-day deadline for raising such a challenge passed before defendants filed their motions. Accordingly, I am granting defendants' motions to confirm and denying plaintiff's request to add a state law claim for fraudulent inducement. If plaintiff wishes to bring a state claim, it must do so in a separate suit.

OPINION

This case presents a unique procedural posture. Now that plaintiff's application to vacate has been dismissed, all that remains for the court to resolve are defendants' motions to confirm the arbitration award. Plaintiff wishes to challenge those motions on one of the

same grounds raised in its motion to vacate: the award is invalid because defendants fraudulently induced plaintiff to agree to arbitration by entering a secret side agreement with each other to align themselves against plaintiff. Specifically, plaintiff alleges that defendants agreed to seek relief from plaintiff and not each other, and that Railroad Specialties would not pay Mineral Service unless Railroad Specialties could recover those sums from plaintiff. From what I understand of plaintiff's allegations, plaintiff says that it agreed to arbitrate its dispute with Mineral Service because Railroad Specialties led it to believe that Railroad Specialties also had claims against Mineral Service and generally shared plaintiff's interests. Dkt. #2 at 2 and 13-15. According to plaintiff, the arbitrator was unaware that defendants had a financial interest in corroborating each other's testimony regarding the geological conditions at the construction site in issue. *Id.* at 8-9. Also, plaintiff has asked for leave to bring a state law claim of fraudulent inducement, either as part of this case or in a separate action that would be joined with this lawsuit.

### A.  Validity of Agreement as Defense

Defendants contend that plaintiff cannot raise the validity of the arbitration agreement as a defense to their motions to confirm because it had the opportunity to raise such a challenge in a timely motion to vacate but failed to do so. They note correctly that the Court of Appeals for Seventh Circuit has held that once the 90-day statute of limitations period in § 12 has passed, a party cannot raise a challenge in defense to a motion to confirm if that challenge could have been raised in a timely motion to vacate. International Union

of Operating Engineers, Local No. 841 v. Murphy Co., 82 F.3d 185, 188 (7th Cir. 1996) (citing cases and noting accord of other circuits considering same issue). As discussed in the previous opinion, plaintiff questioned defendants about the existence of a side agreement during the arbitration proceedings in 2013 and actually received the document on May 5, 2014. Dkt. #28 at 8. Therefore, plaintiff had a month to raise this issue in a timely motion to vacate before the § 12 statute of limitations ran on June 4, 2014, but it failed to do so. (Plaintiff actually filed its application in this court on June 2, 2014 but failed to serve it on defendants on or before June 4, as required by the statute.)

Plaintiff argues that because its defense relates to whether the parties' dispute was arbitrable in the first place, it did not have to bring a collateral challenge to the arbitration award and may raise the issue for the first time in defense to a motion to confirm, even if the 90-day limitations period has passed. In support of its position, plaintiff relies in part on FIA Card Services, N.A. v. Klinzing, 2008 WL 4103880, at *4 (W.D. Wis. Aug. 29, 2008), in which this court stated in dicta that "as a general rule, a defendant challenging arbitrability can raise the issue even when the award is before the court for confirmation." As in the instant case, the defendant in FIA sought to challenge the plaintiff's motion to confirm the arbitration award on the ground that the arbitration agreement was not valid. However, unlike in this case, the arbitration agreement in FIA gave the arbitrator the authority to resolve any disputes concerning the validity of the arbitration agreement. In addition, Klinzing, the defendant, did not participate in the arbitration proceedings or file a motion to vacate. I rejected defendant's challenge and granted the motion to confirm,

finding that he should have raised his concerns with the arbitrator. The time limits in § 12 were not at issue. As a result, FIA is not instructive in this case.

Plaintiff also argues that the decision in MCI Telecommunications Corp. v. Exalon Industries, Inc., 138 F.3d 426, 430–31 (1st Cir. 1998), supports its right to challenge the validity of the arbitration agreement regardless whether the time to move to vacate has elapsed. In that case, the Court of Appeals for the First Circuit held that the 90-day time limit in § 12 does not apply to a party who does not participate in the arbitration and challenges an award on the grounds that no agreement to arbitrate existed. Unlike the defendant in MCI, however, plaintiff entered into an arbitration agreement with defendants and participated in the arbitration proceedings.

Defendants contend that the Seventh Circuit's decision in Comprehensive Accounting Corp. v. Rudell, 760 F.2d 138, 139-41 (7th Cir. 1985), is more relevant. In that case, the defendants sought to challenge the validity of the arbitration agreement for the first time in defense to plaintiff's motion to confirm the arbitration award. In rejecting the challenge as untimely, Judge Posner wrote:

> [T]he premise of [§ 4 of the Federal Arbitration Act] is the existence of an agreement to arbitrate, and the section sets out a procedure for determining whether there was such an agreement in the particular case. But after an award has been entered, section 4 is no longer in play; sections 9 and 10 are, and section 10 does not permit the person resisting enforcement of the award to go back and litigate the question whether there was an agreement to arbitrate. He must show (so far as relevant here) that the arbitrator exceeded his powers . . .
>
> The difference between section 4 and section 10 makes perfectly good sense. No one should be forced into arbitration without an opportunity to show that he never agreed to arbitrate the dispute that is the subject of the arbitration.

> The Rudells had that opportunity when they were notified of the arbitration, and they let it pass by. It was then too late for them to sit back and allow the arbitration to go forward, and only after it was all done, and enforcement was sought, say: oh by the way, we never agreed to the arbitration clause. That is a tactic that the law of arbitration, with its commitment to speed, will not tolerate.

Comprehensive Accounting, 760 F.2d at 140. See also International Technologies Integration, Inc. v. Palestine Liberation Organization, 66 F. Supp. 2d 3, 15-16 (D.D.C. 1999) (relying on same language to find that defendant was time barred from challenging existence of arbitration clause in defense to plaintiff's motion to confirm). As plaintiff acknowledges, the court of appeals has continued to apply a waiver rule to questions concerning arbitrability in more recent opinions. Lippert Tile Co. v. International Union of Bricklayers & Allied Craftsmen, District Council of Wisconsin & Its Local 5, 724 F.3d 939, 945 (7th Cir. 2013) ("[W]e have repeatedly disapproved of the practice of remaining silent on an arbitrability issue during arbitration proceedings, only to play the arbitrability card in federal court after the party loses."); Roughneck Concrete Drilling & Sawing Co. v. Plumbers' Pension Fund, Local 130, United Association, 640 F.3d 761, 766 (7th Cir. 2011) ("'[I]f a party voluntarily and unreservedly submits an issue to arbitration, he cannot later argue that the arbitrator had no authority to resolve it.'") (quoting Jones Dairy Farm v. Local No. P–1236, United Food & Commercial Workers International Union, AFL–CIO, 760 F.2d 173, 175 (7th Cir. 1985).

Plaintiff contends that unlike the parties in the above cases, it did not take a "wait and see" approach to arbitration because it did not know about the alleged fraud until after the arbitrator issued the award. However, as previously explained, plaintiff had ample

6

opportunity to challenge the validity of the award under § 10 but failed to do so.  Plaintiff has not argued or identified any legal authority suggesting that § 10 is an improper means of challenging the validity of an arbitration agreement after the entry of an arbitration award.  Section 10(a)(1) specifically provides that a court may vacate an award that was "procured by corruption, fraud, or undue means."  As explained in Comprehensive Accounting, even though § 4 sets out a procedure for determining the scope and validity of an arbitration agreement prior to an arbitration, §§ 9 and 10 come into play after an arbitration award has been entered.  In addition, the Supreme Court has held that §§ 9 and 10 provide the exclusive grounds for vacating, modifying or correcting an arbitration award and that these limited grounds for vacatur cannot be supplemented or expanded by contract.  Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 578 and 586 (2008).  Thus, plaintiff is bound by the requirements of § 10.

The court of appeals' decision in Roughneck, 640 F.3d at 766, also is instructive.  In that case, two arbitration awards were issued in quick succession with respect to the parties' labor dispute:  one by a national plan arbitrator and another by a joint arbitration board.  Plaintiff filed separate lawsuits in federal court to vacate the board's order and enforce the national arbitrator's order.  Id. at 764.  Although plaintiff's motions were timely filed, defendant did not file suit to set aside the national arbitrator's award within the applicable 90-day statute of limitations period, choosing to challenge the validity of the national arbitrator's order in its defense to plaintiff's suit to enforce the joint arbitration board decision.  (Because the case was governed by the Labor Relations Management Act, state

arbitration law supplied the applicable statute of limitations period for the motion to vacate. Id. at 765.) The court rejected plaintiff's argument that defendant's failure to file a motion to vacate within 90 days was fatal, noting that "[i]t would have been redundant to make [defendant] file its own suit." Id. However, the court went on to clarify that:

> It would be different had [plaintiff] . . . merely filed suit to enforce [the national arbitrator's] order. Since [that] suit was filed more than 90 days after [the] order, it would have been too late for [defendant] to challenge the validity of the order by interposing a defense against [plaintiff's] suit. The 90-day deadline governs defenses to suits to enforce arbitration awards, since those defenses would have been grounds for a timely challenge to the awards.

Id. at 765-66. The same is true in this case; plaintiff may not challenge the validity of the arbitration agreement in its defense to defendants' motions to confirm the award because the 90-day deadline for raising such a challenge passed before defendants filed their motions. Accordingly, I am granting defendants' motions to confirm.

B. State Law Claim

Plaintiff has asked that the court allow it to restyle its application to vacate as a complaint raising a state law claim for fraudulent inducement or, in the alternative, to file a separate lawsuit that would be joined with the instant suit. Although the parties agree that this court would have diversity jurisdiction over the state law claim and the claim would be timely under the six-year statute of limitations for contract actions, all of the currently-filed motions have been resolved. (Defendants suggest that in the event I granted the motions to confirm, such a claim would be subject to preclusion; however, that matter is not before the court at this time.) Procedurally, the sensible course is to close this case and not allow

plaintiff to amend the action to add a state law claim. If plaintiff wishes to bring a state claim, it must do so in a separate suit.

ORDER

IT IS ORDERED that defendant Mineral Service Plus, LLC's application to confirm the arbitration award, dkt. #10, and defendant Railroad Specialties, Inc.'s motion to confirm the arbitration award, dkt. #15, are GRANTED. The clerk of court is directed to enter judgment confirming the arbitration award and close this case.

Entered this 10th day of February, 2015.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge